Case 1:23-cv-04443-SCJ   Document 2   Filed 09/29/23   Page 1 of 14

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-03307-S3**
**6/14/2023 4:30 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| FOSTER BISHOP, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No.: 23-C-03307-S3 |
| INVITATION HOMES REALTY, LLC, | ) |
|     Defendant. | ) |

**ANSWER OF IMPROPERLY NAMED DEFENDANT INVITATION HOMES REALTY, LLC TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**

COMES NOW INVITATION HOMES REALTY, LLC, improperly named as a defendant in the above-styled action (hereafter "Defendant") and submits this its Answer and Demand for Jury Trial and shows this honorable Court as follows:

FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim against the Defendant upon which relief can be granted, and, therefore, Plaintiff's Complaint should be dismissed.

SECOND DEFENSE

The Plaintiff's Complaint should be dismissed on the grounds that Defendant breached no duty owed to the Plaintiff.

THIRD DEFENSE

No acts or omissions of the Defendant proximately caused the occurrence at issue in this litigation or any damages alleged by the Plaintiff and, therefore, the Plaintiff's Complaint should be dismissed.

FOURTH DEFENSE

Defendant shows that it was not negligent in any manner whatsoever in connection with

EXHIBIT D

the alleged injuries of the Plaintiff.

## FIFTH DEFENSE

Defendant shows that, even if it were negligent, which it specifically denies, Plaintiff himself was negligent and such negligence was equal to or greater than the alleged negligence on the part of said Defendant and for this reason the Plaintiff cannot recover against said Defendant.

## SIXTH DEFENSE

Defendant shows that, even if it were negligent, which it specifically denies, some of the harms complained of by this Plaintiff were the direct result of his own failure to mitigate his damages as required by law and that as a result, and for this reason, the Plaintiff cannot recover against said Defendant.

## SEVENTH DEFENSE

The Plaintiff's Complaint should be dismissed against said Defendant on the grounds that the alleged injuries of Plaintiff were caused by intervening and superseding causes over which said Defendant had no control and, therefore, the Plaintiff cannot recover from said Defendant.

## EIGHTH DEFENSE

The Plaintiff's Complaint should be dismissed against said Defendant on the grounds that venue is improper as to said Defendant.

## NINTH DEFENSE

The Plaintiff's Complaint should be dismissed against said Defendants on the grounds that the Court lacks personal jurisdiction over the Defendants under the circumstances.

## TENTH DEFENSE

Defendants incorporate herein by reference all affirmative defenses set forth in O.C.G.A. § 9-11-8(c) not set forth herein above to the full extent applicable and asserts on the grounds of

EXHIBIT D

said affirmative defenses that the Plaintiffs' Complaint should be dismissed.

### ELEVENTH DEFENSE

Process and service of process are insufficient, and, therefore, Plaintiff's Complaint should be dismissed.

### TWELFTH DEFENSE

Service has not been perfected on named Defendant. Therefore, this Court does not have personal jurisdiction over Defendant, and Plaintiff's Complaint against Defendant must be dismissed.

### THIRTEENTH DEFENSE

Plaintiff's Complaint should be dismissed inasmuch as Plaintiff's knowledge of any hazard was equal to or greater than that of Defendant and that Plaintiffs, in the exercise of ordinary care, should have avoided any alleged hazard.

### FOURTEENTH DEFENSE

If Plaintiff sustained any injuries or incurred any damages, the same were caused in whole or in part by the acts or omissions of persons other than this Defendant, over whom this Defendant had no control, or by the superseding intervention of causes outside this Defendant's control.

### FIFTEENTH DEFENSE

Plaintiff's alleged damages were caused by the acts or failure to act of Plaintiff or of individuals or entities other than this Defendant. However, if this Defendant is determined to be liable, any recovery by Plaintiff should be reduced by a pro-rata amount attributable to the negligence of any other party to this action and any responsible non-parties pursuant to O.C.G.A. § 51-12-33.

EXHIBIT D

SIXTEENTH DEFENSE

Plaintiff's Complaint seeking punitive damages violates DEFENDANT's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia and, therefore, fails to state a cause of action or set forth a claim upon which such damages can be awarded.

SEVENTEENTH DEFENSE

Plaintiff's Complaint seeking punitive damages, violates DEFENDANT's rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of the State of Georgia, violates DEFENDANT's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia, and therefore fails to state a cause of action or set forth a claim supporting the punitive damages claimed.

EIGHTEENTH DEFENSE

Plaintiff's claim for punitive damages is barred by the provisions of Article VI of the Constitution of the United States.

NINETEENTH DEFENSE

Without limiting the generality of the previous defenses, an award of punitive damages against DEFENDANT would violate DEFENDANT's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraph 1 of the Constitution of Georgia because (1) DEFENDANT had no notice of or means of ascertaining whether, or in what amount, it might be subject to a penalty of punitive damages for the conduct alleged by Plaintiffs in

EXHIBIT D

this case, and this lack of notice was compounded by the absence of any adequate or meaningful standards regarding the kind of conduct that might subject DEFENDANT to punitive damages or the potential amount of such an award; (2) an award of punitive damages under Georgia law neither recognizes nor considers the award's comparability to awards in other similar cases; (3) an award of punitive damages under Georgia's statute does not give adequate consideration to the proportionality of the punitive damages awarded to the alleged wrong done to Plaintiffs; and (4) no provision of Georgia law or the Georgia punitive damages scheme provides adequate procedural safeguards consistent with the criteria for the imposition of a punitive award set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell,* 538 U.S. 408 (2003); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001); *BMW of North America, Inc. v. Gore,* 517 U.S. 559 (1996); *Pacific Mutual Life Insurance Co. v. Haslip,* 499 U.S. 1 (1990); and *Matthews v. Eldridge,* 424 U.S. 319 (1976).

## TWENTIETH DEFENSE

Any attempted application of Georgia law in this case in regard to any claim for punitive damages against DEFENDANT would be unconstitutional for the following reasons: (1) DEFENDANT did nothing for which it should be punished, penalized or deterred and, therefore, any recovery of punitive damages against DEFENDANT would deprive DEFENDANT of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and in violation of Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia; (2) any recovery of punitive damages from DEFENDANT would violate the provisions of Article 1, Section 1, Paragraph 2 of the Constitution of the State of Georgia; (3) any recovery of punitive

damages from DEFENDANT would deprive DEFENDANT of its right to substantive due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia; and (4) any recovery of punitive damages from DEFENDANT would violate the constitutional guarantee against excessive fines as provided in the Eighth Amendment of the United States Constitution and Article 1, Section 1, Paragraph 17 of the Constitution of the State of Georgia.

## TWENTY-FIRST DEFENSE

Plaintiff's claim for punitive damages against DEFENDANT cannot be maintained, because an award of punitive damages under current Georgia law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article 1, Section 1, Paragraph 1 of the Constitution of the State of Georgia, and the common law and public policies of the State of Georgia.

## TWENTY-SECOND DEFENSE

Plaintiff's claim for punitive damages against DEFENDANT cannot be maintained, because any award of punitive damages under Georgia law would be by a jury that (1) is not provided standards of sufficient clarity for determining the

EXHIBIT D

appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of DEFENDANT, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate DEFENDANT's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 1, Section 1, Paragraphs 1 and 2 of the Georgia Constitution, and would be improper under the common law and public policies of Georgia.

## TWENTY-THIRD DEFENSE

To the extent that the law of Georgia permits punishment to be measured by the net worth or financial status of DEFENDANT and imposes greater punishment on DEFENDANT with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of DEFENDANT in other States, and allows dissimilar treatment of DEFENDANT, in violation of the due process and equal protection

EXHIBIT D

provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article **1,** Section 1, Paragraphs **1** and 2 of the Georgia Constitution.

### TWENTY-FOURTH DEFENSE

As its twenty-fourth defense, DEFENDANT reserves the right to adopt or assert any and all defenses and affirmative defenses raised by any other defendant in this action to the extent such defenses are not adverse to its interests. DEFENDANT also reserves the right to amend and supplement its answer and affirmative defenses to assert any additional, provable defenses and alternative defenses that may arise through discovery or upon evidence adduced at trial.

### TWENTY-FIFTH DEFENSE AND ANSWER

As its twenty eighth defense, DEFENDANT answers the individually numbered paragraphs of Plaintiff's Complaint as follows:

### PARTIES

1.

Improper Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 1 of Plaintiff's Complaint and therefore denies the same.

2.

Improper Defendant denies it is a proper party and only admits that it is the improperly named as a defendant in this matter and that it may be served with process at such address as stated in Paragraph No. 2 of Plaintiff's Complaint. Responding further, Defendant denies the remaining allegations of Paragraph No. 2 of Plaintiff's Complaint.

### JURISDICTION AND VENUE

EXHIBIT D

3.

Improper Defendant is an improper party and denies as written the allegations in Paragraph 3 of Plaintiff's Complaint.

4.

Improper Defendant is an improper party and denies as written the allegations in Paragraph 4 of Plaintiff's Complaint.

**GENERAL ALLEGATIONS**

5.

Improper Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 5 of Plaintiff's Complaint and therefore denies the same.

6.

Improper Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 6 of Plaintiff's Complaint and therefore denies the same.

7.

Improper Defendant is without sufficient knowledge or belief to admit or deny the allegations in Paragraph No. 7 of Plaintiff's Complaint and therefore denies the same.

8.

Improper Defendant denies the allegations in Paragraph No. 8 of Plaintiff's Complaint and therefore denies the same.

9.

Improper Defendant denies the allegations of Paragraph No. 9 of Plaintiff's Complaint.

10.

EXHIBIT D

Improper Defendant denies the allegations of Paragraph No. 10 of Plaintiff's Complaint.

## FIRST CLAIM FOR RELIEF
**Negligence**

11.

Improper Defendant incorporates and re-alleges as if fully stated herein its responses to Paragraph nos. 1-10.

12.

Improper Defendant denies the allegations in Paragraph No. 12 of Plaintiff's Complaint.

13.

Improper Defendant denies the allegations of Paragraph No. 13 of Plaintiff's Complaint.

14.

Improper Defendant denies the allegations of Paragraph No. 14 of Plaintiff's Complaint.

15.

Improper Defendant denies the allegations of Paragraph No. 15 of Plaintiff's Complaint.

16.

Improper Defendant denies the allegations of Paragraph No. 16 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF
**Negligence *Per Se***

17.

Improper Defendant incorporates and re-alleges as if fully stated herein its responses to Paragraph nos. 1-16.

18.

Improper Defendant denies the allegations of Paragraph No. 18 of Plaintiff's Complaint.

EXHIBIT D

19.

Improper Defendant denies the allegations of Paragraph No. 19 of Plaintiff's Complaint.

20.

Improper Defendant denies the allegations of Paragraph No. 20 of Plaintiff's Complaint.

### THIRD CLAIM FOR RELIEF
**Punitive Damages O.C.G.A. §51-12-5.1**

21.

Defendant incorporates and re-alleges as if fully stated herein its responses to Paragraph nos. 1-20.

22.

Improper Defendant denies the allegations of Paragraph No. 22 of Plaintiff's Complaint.

23.

Improper Defendant denies the allegations of Paragraph No. 23 of Plaintiff's Complaint.

24.

Improper Defendant denies the allegations of Paragraph No. 24 of Plaintiff's Complaint.

25.

Improper Defendant denies the allegations of Paragraph No. 25 of Plaintiff's Complaint.

26.

Improper Defendant denies the allegations of Paragraph No. 26 of Plaintiff's Complaint.

### FOURTH CLAIM FOR RELIEF
**Attorney Fees pursuant to O.C.G.A. § 13-6-11**

27.

Improper Defendant incorporates and re-alleges as if fully stated herein its responses to

EXHIBIT D

Paragraph nos. 1-26.

28.

Improper Defendant denies the allegations of Paragraph No. 28 of Plaintiff's Complaint.

29.

Improper Defendant denies the allegations of Paragraph No. 29 of Plaintiff's Complaint.

30.

Improper Defendant denies the allegations of Paragraph No. 30 of Plaintiff's Complaint.

31.

To the extent that they require a response, the allegations contained in the WHEREFORE paragraph of Plaintiff's Complaint are denied.

32.

Any allegations not specifically admitted herein are deemed denied.

**WHEREFORE**, Improper Defendant respectfully requests that Plaintiff's Complaint be dismissed and that all costs be taxed against Plaintiff and for any and all further relief as this Court deems just and proper.

This _____ of June, 2023.

Respectfully submitted,

Vernis & Bowling of Atlanta, LLC

_____
Kimberly Sheridan, Esq.
Georgia Bar No.: 061028
Michael Becker, Esq.
Georgai Bar No.:  529479
*Attorney for Defendant*

30 Perimeter Park Drive
Suite 200
Atlanta, GA 30341

EXHIBIT D

(404) 846-2001
(404) 846-2002 (Fax)
ksheridan@eorgia-law.com
mbecker@georgia-law.com

EXHIBIT D

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| FOSTER BISHOP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No.: 23-C-03307-S3 |
| INVITATION HOMES REALTY, LLC, | ) ) |
| Defendant. | ) ) ) |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served the within and foregoing ***Answer Of Improper Defendant Invitation Homes Realty, LLC To Plaintiff's Complaint And Jury Demand*** upon all parties by electronic filing addressed as follows:

Christopher P. Brown, Esq.
Geiger Legal Group, LLC
CBROWN@GEIGER-LEGAL.COM

This 14th day of June, 2023.

Vernis & Bowling of Atlanta, LLC

*/s/ Kimberly Sheridan*
Kimberly Sheridan, Esq.
Georgia Bar No.: 061028
Michael Becker, Esq.
Georgia Bar No.: 529479
*Attorney for Defendant*

30 Perimeter Park Drive, Suite 200
Atlanta, GA 30341
(404) 846-2001
(404) 846-2002 (Fax)
ksheridan@georgia-law.com
mbecker@georgia-law.com

EXHIBIT D