IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| FOSTER BISHOP, ) | |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | 23-C-03307-S3 |
| IH6 PROPERTY GEORGIA, L.P., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## AMENDED COMPLAINT

**NOW COMES** FOSTER BISHOP ("Plaintiff"), through undersigned counsel, for their Complaint for Damages against IH6 PROPERTY GEORGIA, L.P. ("Defendant") and for Trial by Jury, state and allege as follows:

## PARTIES

1.

Foster Bishop, a citizen and resident of Cherokee County, resides in Woodstock, Georgia, and is the Plaintiff in this matter.

2.

IH6 Property Georgia, L.P, a Foreign Limited Partnership, has a physical address at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092 and is the Defendant in this matter. Defendant's Registered Agent, Corporation Service Company, may be served with process at such address.

EXHIBIT E

## JURISDICTION AND VENUE

3.

Jurisdiction is proper in this Court.

4.

Venue is proper in this Court as the Defendant's registered office is in Gwinnett County.

## GENERAL ALLEGATIONS

5.

On July 03, 2021, Mr. Bishop arrived at his neighbor, Jim Brook's, rental house for a BBQ. The address is 1410 Olde Forge Lane, Woodstock, GA 30189.

6.

After the BBQ, Mr. Brooks walked Mr. Bishop out, and as Mr. Bishop was walking down the front steps of the house, the last step crumbled under Mr. Bishop.

7.

Mr. Bishop fell on his back and right side. Mr. Brooks witnessed the fall and rushed to assist Mr. Bishop. Because of the fall, Mr. Bishop had severe bruising on his lower back.

8.

Plaintiff has sought and continues to seek treatment as a direct result of Defendant's inability and unwillingness to fix the stairs.

9.

EXHIBIT E

Mr. Brooks requested the stairs to be fixed numerous times, and Defendant failed to reasonably respond to the requests. The impact from Defendant's negligence was so great, it caused Plaintiff's injuries including disc herniations at T8 and T9.

10.

As a direct and proximate result of Defendants' carelessness, negligent actions, and conduct, the Plaintiff suffered and continue to suffer injuries, losses, and damages. To date, Mr. Bishop has incurred $13,469.50 in medical expenses related to his incident. Mr. Bishop is still currently treating because of the fall.

**FIRST CLAIM FOR RELIEF**
**Negligence**

11.

Plaintiff incorporates and realleges, by reference, all other paragraphs of this Complaint as if fully set forth herein.

12.

Defendant owed Plaintiff a duty to exercise reasonable care to take care of defective construction or to keep the premises in good repair.

13.

On May 25, 2021, the tenant notified Defendant that the stairs posed a hazardous condition and needed to be fixed. In June 2021, Defendant sent someone out to repair the stairs but they failed to do any repairs. Instead, Defendant rescheduled the repair for two months later. During that time, Plaintiff was severely injured because of Defendant's negligence.

14.

EXHIBIT E

Defendant breached their duty to exercise reasonable care by failing to take care of the premises. Defendant's actions, inactions, and conduct constitute negligence.

15.

Defendant's conduct was willful and wanton.

16.

As a direct and proximate cause of Defendant's negligence, Plaintiff suffered injuries, losses, and damages, including but not limited to, past and future economic damages, past and future pain and suffering, past and future inconvenience, emotional distress, mental anguish, and loss of enjoyment of life in an amount to be proven at trial.

## **SECOND CLAIM FOR RELIEF**
**Negligence *Per Se***

17.

Plaintiff incorporates and realleges, by reference, all other paragraphs of this Complaint as if fully set forth herein.

18.

Georgia law holds landlords, such as IH6 Property Georgia, L.P, responsible for the injuries caused by a failure to repair the premises: "[T]he landlord is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair." O.C.G.A. § 44-7-14.

19.

EXHIBIT E

The steps that crumbled beneath Mr. Bishop were defectively constructed and were allowed to disintegrate without repair in violation of O.C.G.A. § 44-7-14. Defendant's violation of this statute constitutes negligence *per se*.

20.

As a direct and proximate cause of Defendant's negligence *per se*, Plaintiff suffered injuries, losses, and damages, including but not limited to, past and future economic damages, past and future pain and suffering, past and future inconvenience, emotional distress, mental anguish, and loss of enjoyment of life in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
### Punitive Damages O.C.G.A § 51-12-5.1

21.

Plaintiff incorporates and realleges, by reference, all other paragraphs of this Complaint as if fully set forth herein.

22.

The facts giving rise to Mr. Bishop's injuries reflect the willful and wanton conduct that punitive damages are intended to penalize, punish, and deter. The stairs were defectively constructed. Instead of replacing the untreated wood with compliant materials, Invitation Homes permitted the stairs to deteriorate to a dangerous scenario, such as here where the Plaintiff fell through.

23.

EXHIBIT E

Mr. Brooks made numerous attempts to notify and schedule the Defendant to come out and fix the stairs. Instead, Defendant waited two months, during which the inevitable fall of Mr. Bishop took place.

24.

Defendant showed a reckless indifference to the well-being of its renters and the renters' guests.

25.

Defendant proximately caused the slip and fall in which the Plaintiff was injured.

26.

As a direct and proximate result of the Defendant's carelessness, negligent actions, and conduct, Plaintiff suffered and continues to suffer injuries, damages, and losses.

**FOURTH CLAIM FOR RELIEF**
**Attorney Fees pursuant to O.C.G.A. § 13-6-11**

27.

Plaintiff incorporates and realleges, by reference, all other paragraphs of this Complaint as if fully set forth herein.

28.

Prior to commencing this action, Plaintiff offered Defendant a reasonable opportunity to settle the case.

29.

EXHIBIT E

Despite this offer, Defendant failed to properly investigate, adjust, and/or evaluate the claim and forced this case into litigation. Such conduct was done in bad faith.

30.

Accordingly, based on the foregoing – among other reasons – Defendant has acted in bad faith, has been stubbornly litigious, and has caused plaintiff unnecessary trouble and expense to authorize the award of the expenses in litigation, including reasonable attorney fees under the provisions of O.C.G.A § 13-6-11.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for Judgment against Defendant and for relief as follows:

a. A trial by jury;

b. That Summons and Process issue and that the named Defendants be served with a copy of this Complaint and that Defendants be required to appear and answer;

c. Economic damages against Defendants, including but not limited to, past and future medical expenses and out of pocket expenses, lost income, and loss of earning capacity, in an amount to be proven at trial;

d. Non-economic damages, including but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, mental anguish, and emotional distress, in an amount to be proven at trial;

e. All other compensatory damages caused by Defendant's actions, to be proven at trial;

f. That Defendants be charged with all Court costs attributable to this action and such other cost reasonably incurred in the prosecution and trial of this case;

g. Litigation expenses including, without limitation, reasonable attorney fees;

h. Pre-judgement and post-judgment interest as provided for by law;

i. Punitive damages;

EXHIBIT E

j.  For such other and further relief as may be shown by the evidence and the law, and as this Court may deem just and proper.

Respectfully submitted June 21, 2023.

                                          **GEIGER LEGAL GROUP, LLC**

                                          _____
                                          Christopher P. Brown
                                          Georgia State Bar Number 795154
                                          A. Casey Geiger
                                          Georgia State Bar Number 324547
                                          Attorneys for Plaintiff

157 Reinhardt College Parkway
Suite 400
Canton, Georgia 30114
Phone:       (770) 720-4600
Facsimile:   (770) 720-4646
Email:        acgeiger@geiger-legal.com
                cbrown@geiger-legal.com

EXHIBIT E